13-4860-cr
*United States v. Kovar*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of January, two thousand fifteen.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> > *Circuit Judges.*
> LORNA G. SCHOFIELD,[*]
> > *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
> *Appellee,*

> -v.-                                                                 No. 13-4860-cr

GREGORY KOVAR,
> *Defendant-Appellant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**     RICHARD HALEY, Haley Weinblatt & Calcagni, LLP, Islandia, New York.

**FOR APPELLEE:**     BURTON T. RYAN (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Central Islip and Brooklyn, New York.

---

[*] The Honorable Lorna G. Schofield, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from a December 16, 2013 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the cause be **REMANDED** with instructions to assign the case to a different judge for resentencing.

Defendant Gregory Kovar appeals the judgment of the District Court upholding his guilty plea to conspiracy to distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E)(ii), and conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h). The District Court sentenced Kovar principally to 109 months on each count, to run concurrently, followed by five years of supervised release.

On appeal, defendant contends that the Government breached the plea agreement by advocating for an upward departure from the United States Sentencing Guidelines (the "Guidelines"). We review interpretations of plea agreements *de novo*. *United States v. Palladino*, 347 F.3d 29, 32 (2d Cir. 2003).

In its plea agreement, the Government agreed to "make no motion for an upward departure under the Sentencing Guidelines." J.A. 52. The District Court found that the recommended term of imprisonment under the guidelines was 70 to 87 months. The Government then referenced the 120-month recommendation of the Probation Office in its Presentence Report, which was above the proposed Guidelines calculation by that office; implicitly referenced its presentence memorandum, dated December 6, 2013, which advocated for a Guidelines calculation that would include the 120-months recommendation in the Guidelines range; stated that it was seeking a Guidelines sentence "at the minimum"; and stated that it could not seek a higher sentence because of the plea agreement. The sentencing court then imposed an above-Guidelines sentence of 109 months, and referenced the 120 months as a benchmark – "I would be inclined to give you 120 months but for the fact that I think you are making some strides . . . ."[1] J.A. 250.

---

[1] In the Government's December 6, 2013 presentence memorandum, the Government advocated a higher Criminal History Category than Probation had suggested in order to reach a 120-month sentence and yet remain within the Guidelines range. During oral argument on appeal, defense counsel contended that the Government did not consider advocacy for a "horizontal departure" -- in contrast to the more common vertical departure -- from the Guidelines as violative of its standard plea agreement. In its response at oral argument, and in a subsequent submission to the panel, the Government clarified its position that "a horizontal upward departure motion involving criminal history categories . . . is as violative of the plea agreement as an upward departure motion resulting in a vertical departure from the Guidelines." Appellee's Letter, January 15, 2015, U.S.C.A. Dkt. No. 72.

Accordingly, with the agreement of the Government[2] and defendant, we remand the cause for resentencing and order that the case be transferred to a different judge. In doing so, we do not suggest any impropriety or bias on the part of the experienced and able district judge.[3]

## **CONCLUSION**

For the foregoing reasons, the cause is **REMANDED** with instructions to assign the case to a different judge for resentencing.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

---

[2] The government also "agrees that resentencing in front of a different district court," which is the relief sought by defendant, "would be appropriate in this case." Appellee's Br. 17.

[3] The local rule, which provides for the division of business among the judges of the Eastern District of New York, states in relevant part:

> In a criminal case upon reversal of a judgment and a direction for retrial or resentence, on receipt of the mandate of the appellate court the clerk shall randomly select a different judge to preside over the case.

U.S. Dist. Ct., E.D.N.Y. L. Rules 50.2(l)(1).